MOREX S.P.A. and Morex USA, Inc., Plaintiffs-Counterdefendants-Appellees-Cross-Appellants,

v.

DESIGN INSTITUTE AMERICA, INC., Defendant-Counterclaimant-Appellant-Cross-Appellee,

v.

FRANKART DISTRIBUTORS, INC., Counterdefendant-Appellee-Cross-Appellant.

Nos. 1228, 1268, Dockets 85–7142, 85–7172.

United States Court of Appeals, Second Circuit.

Argued May 21, 1985.

Decided Dec. 12, 1985.

---

Peter T. Cobrin, New York City (Stempler, Cobrin & Godsberg, P.C., New York City, of counsel), for plaintiffs-counter-defendants-appellees-cross-appellants.

Andrew Baum, New York City (Nims, Howes, Collison & Isner, New York City, of counsel), for defendant-counterclaimant-appellant-cross-appellee.

Before MANSFIELD and PRATT, Circuit Judges, and MacMAHON, District Judge.[*]

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Charles M. Metzner, *Judge*, granting a declaratory judgment and dismissing counterclaims alleging violations of the Lanham Act, 15 U.S.C. § 1125, and unfair competition. The district court permanently enjoined Design In- . stitute America, Inc. ("DIA"), a furniture manufacturer, from alleging that Morex S.p.A. and Morex USA, Inc. (collectively "Morex") and FrankArt Distributors, Inc. ("FrankArt") were violating the Lanham Act or engaging in unfair competition under New York common law by copying and selling an etagere, a shelf unit.

DIA began marketing its etagere in 1979. In December 1982, FrankArt commissioned Morex to build an etagere resembling DIA's. Morex then brought this de-

[*] Of the United States District Court for the Southern District of New York, sitting by designation.

claratory judgment action to enjoin DIA from alleging to distributors, retailers and consumers that Morex was violating the Lanham Act or engaging in unfair competition by copying and selling the etagere. DIA counterclaimed for injunctive relief and damages based on the alleged violations.

After a non-jury trial, the district court held that Morex and FrankArt were neither violating the Lanham Act nor engaging in unfair competition under New York common law. The court permanently enjoined DIA from making those claims, dismissed DIA's counterclaims based on those theories, and directed Morex and FrankArt to identify Morex as the manufacturer of their etageres by the display of a "hang tag" on the etageres and by legible type in advertisements. The court also rejected the claim by Morex and FrankArt for attorneys' fees.

DIA now appeals from the imposition of the injunction and the dismissal of its counterclaims. Morex and FrankArt cross-appeal from those parts of the judgment requiring the identification of Morex as the manufacturer on the etageres and in advertisements and denying attorneys' fees.

Correctly noting that Section 43(a) of the Lanham Act provides protection for unregistered trademarks only if "the features allegedly copied have acquired secondary meaning in the marketplace and are non-functional," *Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 652 F.2d 299, 303 (2d Cir.1981), *cert. denied*, 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982), the court held that there had been no violation of the Lanham Act because the design of the etagere lacked secondary meaning and was functional. The court also held, on the basis of its finding that the design was functional, that there was no unfair competition under New York common law.

■ In finding that the design was functional, the district court relied chiefly on *I.A. Fratelli Saporiti v. Charles Craig, Ltd.*, 725 F.2d 18, 19 (2d Cir.1984). The *Craig* standard for functionality was implicitly rejected, however, by our decision in *LeSportsac, Inc. v. K Mart, Corp.*, 754 F.2d 71 (2d Cir.1985). *LeSportsac* resolved for this circuit the standard for determining the functionality in a trademark infringement action. Judge Metzner had no opportunity to consider the *LeSportsac* standard, however, because that case was decided more than one month after he filed his decision. Nonetheless, the district court used an incorrect standard for determining functionality. The error is harmless, however, as to the Lanham Act claim, for Judge Metzner also found that, even if the design were non-functional, it still lacked the other required element of a Lanham Act claim, secondary meaning. We agree. Thus, regardless of the test used for determining functionality, DIA failed to prove a violation of the Lanham Act.

■ Turning to DIA's appeal from the dismissal of its counterclaim for unfair competition, we cannot say that the district court's flawed finding of functionality, however blameless, was harmless. Judge Metzner correctly noted that a claim for unfair competition under New York law requires proof of a competitor's deliberate use of a non-functional tradedress and likelihood of public confusion. Proof of secondary meaning is not required. *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 618 F.2d 950, 952–53 (2d Cir.1980), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982). Recognizing that functionality is the key issue of fact common to both the claim under the Lanham Act and the unfair competition claim, the district court dismissed DIA's counterclaim "in view of [its] determination that the design is functional." The court thus dismissed DIA's counterclaim for unfair competition solely on the basis of its finding of functionality and did not reach the issue of likelihood of confusion to the public. As we have seen, the elements of an unfair competition and Lanham Act claim are different, and the court's finding of functionality is vulnerable. DIA may well be able to prove its counterclaim for unfair competition under New York law despite its failure to prove a violation of the Lanham

Act.[1] Reconsideration of DIA's counterclaim is therefore necessary.

Reconsideration is especially appropriate here because there is evidence indicating that Morex and FrankArt intentionally copied DIA's design. Indeed, the court below found "less than credible" FrankArt's assertion to the contrary, and, although it found no need to decide the issue of public confusion, it noted a lack of proof on that issue. Such proof may have been unnecessary, however, for under New York law in the event of "intentional copying the second comer will be presumed to have intended to create a confusing similarity of appearance and will be presumed to have succeeded." *Perfect Fit Industries, Inc. v. Acme Quilting Co., supra,* 618 F.2d at 954.

In view of our decision, reconsideration of those parts of the judgment denying attorneys' fees and requiring the identification of Morex by a hang tag on the etageres and by legible type in advertisements is also appropriate. The *LeSportsac* standard and a different outcome on the unfair competition claim might compel different conclusions on those issues.

Accordingly, we affirm that part of the district court's judgment dismissing DIA's counterclaim for protection under Section 43(a) of the Lanham Act and granting Morex and FrankArt declaratory and injunctive relief under that statute. We reverse and remand that part of the judgment dismissing DIA's counterclaim for unfair competition and granting Morex and FrankArt declaratory and injunctive relief on that theory. We also remand for reconsideration those parts of the judgment denying attorneys' fees and requiring identification of Morex as the manufacturer on the etageres and in advertisements.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.

---

**1.** New York law governs the unfair competition claim. *Flexitized, Inc. v. National Flexitized Corp.,* 335 F.2d 774, 780–81 (2d Cir.1964), *cert.*

*denied,* 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965).